IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 11–37–M–DWM–1 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JONATHAN JANETSKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States moves the Court to bar the defendant, Jonathan Janetski, from presenting any testimony, evidence, and argument at trial related to medical marijuana and related issues involving Montana and federal law.[1] (Dkt # 29). Specifically, the United States asks Court to exclude all testimony, evidence, and argument concerning:

1. Mr. Janetski's contention that his conduct was lawful under Montana law and that he acted to provide a medically necessary product to his customers,

2. Mr. Janetski's contention that he believed his conduct was

---

[1] The United States filed its motion as to all defendants in this case. Mr. Janetski, however, is the only remaining defendant.

lawful under federal law, and

3. Mr. Janetski's contention that he harbored a good faith (but mistaken) belief that his conduct was lawful under federal law,

4. Mr. Janetski's belief that he relied on advice of counsel to concluded his conduct was lawful under federal law, and

5. the defense of entrapment by estoppel.

(Dkt # 29)

The Court grants the motion. Regardless of what Montana law permits its citizens to do, the Supremacy Clause of the United States Constitution requires courts—and the public—to follow federal law. PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 2577 (2011) ("Where state and federal law directly conflict, state law must give way" (citations and internal quotation marks omitted)); see also Gonzalez v. Raich, 545 U.S. 1, 29 (2005) (concluding that a state law permitting possession and cultivation of marijuana does not place those activities beyond congressional reach because, "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail.").

Since federal law prohibits the activities that Mr. Janetski is alleged to have committed, the question of whether Montana law permits those actions is irrelevant.

Accordingly, IT IS ORDERED that the United States's motion in limine

(dkt # 29) is GRANTED. Jonathan Janetski is barred from offering any testimony, evidence, and argument concerning:

1. Mr. Janetski's contention that his conduct was lawful under Montana law and that he acted to provide a medically necessary product to his customers,

2. Mr. Janetski's contention that he believed his conduct was lawful under federal law, and

3. Mr. Janetski's contention that he harbored a good faith (but mistaken) belief that his conduct was lawful under federal law,

4. Mr. Janetski's belief that he relied on advice of counsel to concluded his conduct was lawful under federal law, and

5. the defense of entrapment by estoppel.

Dated this 14th day of December 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT